**XIN NA HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General,[1] Respondent.

No. 07–2103–ag.

United States Court of Appeals, Second Circuit.

May 21, 2008.

Romben Aquino, Ferro & Cuccia, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xin Na Huang, a native and citizen of the People's Republic of China, seeks review of the April 20, 2007 order of the BIA affirming the November 3, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Na Huang*, No. A77 998 153 (B.I.A. Apr. 20, 2007), *aff'g* No. A77 998 153 (Immig. Ct. N.Y. City Nov. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

See 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As an initial matter, because Huang failed to raise any challenge to the IJ's denial of her CAT claim in either her brief to the BIA or in her brief to this Court, we deem that claim for relief abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

Regarding Huang's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. The multiple specific examples of discrepancies between Huang's testimony and the record—e.g., her failure to mention during her airport interview[2] any of the allegations that would later serve as the basis for her asylum claim, and the inconsistency between her testimony that she and her family were arrested in June 1999 and her written application, which stated that the arrest occurred in June 2001—provided sufficient bases on which the agency could conclude that she was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). While Huang was not offered an opportunity to explain the discrepancies found by the agency, they were sufficiently dramatic that no such opportunity was required. *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). No error argued by Huang would, if found, induce us to disturb the agency's adverse credibility determination as it can be confidently predicted that the agency would reach the same conclusion on remand. *Xiao Ji Chen v.*

U.S. Dep't of Justice, 471 F.3d 315, 338–39 (2d Cir.2006). Accordingly, the agency's denial of his application for asylum and withholding of removal was not improper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** We conclude that Huang's airport interview statement was sufficiently reliable to merit consideration by the agency in its credibility analysis because the record of the interview appears to provide a verbatim account, the questions posed to Huang were clearly designed to elicit the details of an asylum claim,

Huang did not appear reluctant to reveal information to the interviewing officer, and Huang's answers suggest that she understood the translations provided by the Mandarin interpreter. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).